UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER 14-CV-1201

_____

Sai Cheng Marquez,

        Plaintiff,

v.

Equifax, Inc. and Ocwen Loan Servicing, LLC,

        Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

_____

1. Sai Cheng Marquez ("Consumer") brings this action to address the violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, by Equifax, Inc. ("Equifax") and Ocwen Loan Servicing, LLC ("Ocwen"), and to request a declaration of her rights under Minn. Stat. § 555.01.

**JURISDICTION, VENUE, AND PARTIES**

2. The United States District Court has jurisdiction over all FCRA claims and any state issues supplemental to them. 15 U.S.C. § 1681p; 28 U.S.C. § 1367.

3. Venue is proper because a substantial part of the events giving rise to this claim occurred in Minnesota. 28 U.S.C. § 1391(b)(2).

4. Consumer is a natural person living in St. Paul, MN who is a "consumer" as

defined by 15 U.S.C. § 1681a(c).

5. Equifax is a Georgia corporation with a registered Minnesota address of 380 Jackson Street, #700, St. Paul, MN 55101. Its principal business is the assembling of consumer credit information for the purpose of furnishing it to third parties, making it a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

6. Ocwen is a Delaware corporation with a registered Minnesota address of 380 Jackson Street, #700, St. Paul, MN 55101. Ocwen provides credit information on consumers to credit reporting agencies like Equifax, making it a "furnisher" for purposes of 15 U.S.C. § 1681.

## FCRA DISPUTE PROCESS

7. FCRA creates a dispute method through which a consumer may dispute a debt to a furnisher, like Ocwen, by sending the dispute through a credit reporting agency, like Equifax.

8. Under FCRA, a credit reporting agency must "reasonably reinvestigate" consumer disputes it receives and forward the dispute to the furnisher in question, §§ 1681i(a)(1) & (a)(2); the furnisher must review all information provided, investigate the debt, and update the reporting agency, §

1681s-2(b); and the reporting agency must provide the update to the consumer, § 1681i(a)(6).

## FACTS

9. In March 2006, Consumer took out a standard home loan in exchange for a note (the "Debt") and a mortgage on the property securing the Debt.

10. Ocwen was assigned as the Debt's servicer.

11. On June 18, 2009, Consumer's mortgage was foreclosed and the secured property was sold at a sheriff's sale. *See Sheriff's Certificate of Foreclosure attached as* **EXHIBIT A**.

12. Minn. Stat. § 580.225 mandates: "The amount received from foreclosure sale under this chapter is full satisfaction of the mortgage debt . . . ."

13. The foreclosure sale of Consumer's property satisfied the underlying Debt per Minn. Stat. § 580.225, as is standard with home mortgages.

14. On January 24, 2014, after noticing that Ocwen was still reporting the Debt as outstanding on her credit report, Consumer disputed the Debt to Ocwen through Equifax, stating "I am no longer liable for this account." *See Details for Confirmation attached as* **EXHIBIT B**.

15. Equifax forwarded Consumer's dispute to Ocwen as required by FCRA.

16. Equifax responded to Consumer's dispute on February 14, 2014, stating "[t]his creditor has verified to OUR company that the balance is being reported correctly." *See Equifax letter attached as* **EXHIBIT C**.

17. Equifax also provided an updated credit report which showed that, as of Ocwen's most recent update in January 2014, the satisfied Debt was reporting the following incorrect information: "Balance Amount: $205,292," "Amount Past Due: $10,921," "Over 120 Days Past Due," and "150 Days Past Due." *See Page 2 of the Credit Report attached as* **EXHIBIT D**.

18. Similar disputes sent to Trans Union, LLC and Experian Information Solutions, Inc., the other two national credit reporting agencies along with Equifax, correctly resolved the Debt's misreporting and updated the account to a zero balance.

### FCRA REQUIREMENTS

19. "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, the agency shall, free of charge, *conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate* and record the current status of

the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer . . . ." [Emphasis added] 15 U.S.C. § 1681i(a)(1)(A).

20. "*If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete* or cannot be verified, the consumer reporting agency shall- (i) promptly delete that item of information from the file of the consumer, *or modify that item of information, as appropriate, based on the results of the reinvestigation*; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." [Emphasis added] 15 U.S.C. § 1681i(a)(5)(A).

21. "After receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall: *conduct an investigation with respect to the disputed information* . . . [and] *if an item of information disputed by a consumer is found to be inaccurate* or incomplete or cannot be verified after any reinvestigation . . . *modify that item of information* . . . ." [Emphasis

added] 15 U.S.C. § 1681s-2(b)(1).

## **COUNT I: VIOLATION OF 15 U.S.C. § 1681i(a) BY EQUIFAX**

22. Consumer reincorporates all other allegations as if set forth herein in full.

23. Equifax incorrectly reports the Debt as having an outstanding balance.

24. Equifax incorrectly verified the outstanding balance on the Debt, which had been satisfied as a standard operation of statute, and as a matter of easily-accessible public record.

25. Equifax did not reasonably reinvestigate the accuracy of the account disputed by Consumer as required by 15 U.S.C. § 1681i(a)(1)(A).

26. In the alternative, Equifax failed to correct the misreporting account on Consumer's credit report pursuant to 15 U.S.C. § 1681i(a)(5)(A) after finding it to be inaccurate.

27. This misreporting account, which is accessible by Consumer's lenders, creditors, insurers, landlords, and employers, present and potential, incorrectly presents that Consumer owes tens of thousands of dollars.

28. This harms Consumer's credit, and makes it more difficult to qualify for financing befitting her actual creditworthiness.

29. Equifax is liable to Consumer for actual damages in an amount to be

determined at trial, statutory damages of $1,000.00, the costs of this action, and a reasonable attorney's fee in an amount to be determined by the Court.  15 U.S.C. §§ 1681n(a), 1681o(a).

### COUNT II: VIOLATION OF 15 U.S.C. § 1681s-2(b) BY OCWEN

30. Consumer reincorporates all other allegations as if set forth herein in full.

31. Ocwen verified an outstanding balance on the Debt, though Ocwen itself had been named in the sheriff's sale that satisfied the Debt.

32. Even a cursory review of the public record would have shown the property to have been sold at sheriff's sale and the accompanying Debt satisfied.

33. A basic review of its own internal records, should they be accurate, would have shown Ocwen the error in its reporting.

34. Ocwen failed to conduct an investigation and modify the misreported Debt accordingly as required by 15 U.S.C. § 1681s-2(b).

35. Ocwen is incorrectly publishing, on an influential and widely-accessible credit reporting system, that Consumer owes it a six-figure debt which she does not.

36. Ocwen's misreporting harms Consumer's credit, making it substantially more difficult for her to pursue financing, insurance, and employment.

37. The additional difficulty the misreported Debt has imposed and continues to impose on Consumer has caused her to suffer emotional distress, frustration, anxiety, and uncertainty.

38. Ocwen is liable to Consumer for actual damages in an amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and a reasonable attorney's fee in an amount to be determined by the Court.  15 U.S.C. §§ 1681n(a), 1681o(a).

39. Consumer reserves her right to move for punitive damages.

## COUNT III: DECLARATION OF RIGHTS

40. Consumer reincorporates all other allegations as if set forth herein in full.

41. Minn. Stat. § 555.01 allows a party to seek a declaration of its rights.

42. Consumer is entitled to a formal determination that the Debt was satisfied by the June 2009 sheriff's sale and by operation of Minn. Stat. § 580.225.

## JURY TRIAL

43. Consumer demands a trial by jury per Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Consumer requests an Order for the following relief:

1. Judgment in favor of Consumer and against Equifax for actual damages in

an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and a reasonable attorney's fee.

2. Judgment in favor of Consumer and against Ocwen for actual damages in an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and a reasonable attorney's fee.

3. Judgment declaring the Debt satisfied.

4. All other relief which the Court deems just and equitable.

Dated: 4/21/14        /s/ *Bennett Hartz*
                     Jonathan L. R. Drewes (#387327)
                     Bennett Hartz (#393136)
                     DREWES LAW, PLLC
                     1516 West Lake Street, Ste 300
                     Minneapolis, MN 55408
                     T (612) 285-3064
                     F (612) 285-3062
                     bennett@dreweslaw.com
                     ***Attorneys for Consumer***